CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY
v. CHARLES W. WILGUS, ADMINISTRATOR.

FILED MAY 15, 1894. No. 5689.

1. **Negligence**: QUESTIONS FOR JURY. Questions of negligence and contributory negligence, where the facts are such that from them different minds may reasonably draw different conclusions, are for the jury and not for the court to determine.

2. **Railroad Companies**: DUTIES TO TRESPASSERS. A railroad company does not discharge its whole duty by refraining from wantonly injuring a trespasser upon its tracks after observing his position. It is bound in all cases to exercise reasonable care to avoid injuring all persons who are known to be, or who may be reasonably expected to be, upon its right of way.

ERROR from the district court of Custer county. Tried below before NEVILLE, J.

*Marquett & Deweese, J. A. Kilroy, J. S. Kirkpatrick,* and *A. W. Agee,* for plaintiff in error.

*Sullivan & Gutterson, contra.*

IRVINE, C.

Minnie M. Wilgus was killed through a collision of two freight trains on the plaintiff in error's road at Mullen

and this action was brought by her father as administrator
to recover damages on account of her death. The accident
was the same which resulted in the death of John K.
Wymore, and the opinion in the case of *Chicago, B.
& Q. R. Co. v. Wymore*, 40 Neb., 645, contains a full
statement of the facts. The evidence in this case dif-
fered but slightly from that in the Wymore case. Upon
the trial of this case one witness testified that the switch
key in question had failed to open the lock of another
switch the day before the accident. In this case the en-
gineer and fireman of the east-bound train were upon the
stand and testified that the east-bound train was running
only at ten or twelve miles an hour when it entered the
switch, contradicting the plaintiff's witness in this respect.
There were no other material differences in the evidence in
the two cases. What has been said in the opinion in *Chi-
cago, B. & Q. R. Co. v. Wymore* as to the law of negli-
gence and contributory negligence is entirely applicable to
this case and need not be repeated. The instructions here
were, however, in strict accordance with the law as an-
nounced in the Wymore case. The assignments of error
relating to the instructions, so far as they are presented in
the briefs, refer only to the refusal to give the instructions
asked by the railroad company. Of these the fourth and
ninth are the only ones to which plaintiff in error especially
directs attention. The fourth was as follows: "If you
find that the said Minnie M. Wilgus, just prior to her
death, desired to cross the tracks and depot grounds of the
defendant company, in order to reach the defendant's depot,
and that the public roadway was at that moment obstructed
by a train standing on the side track, this fact would not
justify her in going upon the private grounds of the com-
pany across and between the tracks and side tracks, and in
front of and near the trains which were moving or were
liable to move in order to reach the depot, that in such case
it would be her duty to go upon the public crossing and

wait a reasonable time until the crossing was made clear so that she might pass over in safety; and if you find that she did not do this, but chose to go between the tracks and among and near to the trains and engines moving, or standing ready to move, and by reason thereof was killed on account of a collision between the trains, then she would be guilty of such contributory negligence as to defeat the plaintiff's right to recover in this case." This instruction was objectionable for the same reason that the instruction given to the jury after retirement in the Wymore case was held erroneous. By that instruction the jury was absolutely told that crossing the tracks and passing around the train did not constitute contributory negligence. By the instruction we are considering the jury would have been told that doing so constituted contributory negligence. We repeat that, under the circumstances of this case, whether or not these persons were guilty of negligence in attempting to pass around the train was a question for the jury and not for the court.

The ninth instruction requested was as follows: "If you find from the evidence that the accident by which Minnie M. Wilgus lost her life was caused by a defect in the switch key furnished to one of the switchmen of the defendant and of which the defendant and its employes had no actual notice; that said key had been used by such switchmen in one or more other switch-locks of the same pattern, and worked properly in such other lock or locks but would not work in the switch-lock where the accident occurred by reason of some latent defect, that is, some defect which could not be detected by ordinary care and observation, then you are instructed that the defendant would not be liable for any damages caused by said defect in such key, and your verdict should be for the defendant. In determining whether or not such defect could have been discovered by ordinary care and prudence you should consider all the evidence tending to show that said key worked

properly or would not work in other switch-locks of the same pattern." This instruction was objectionable for the same reason,—transforming a question of fact into one of law. It told the jury that as a matter of law the company had performed its duty in reference to the key, if the key had been found to work properly in one or more locks, and if its defect was not discoverable by ordinary observation. Whether the testing of a key which was expected to operate in all the locks of the road in only one of those locks was the exercise of proper care is by no means so clear as to justify a peremptory instruction. The safe operation of trains required that these keys should surely and promptly open any lock which the person carrying the key would have any occasion to use, and a test upon one lock where the consequences of a defect are so serious would certainly not evince any very high degree of care. We think the true rule on this subject was stated in the first instruction given at the request of the plaintiff, whereby the jury was told that its inquiry should be upon this subject whether by reasonable examination and observation the defect could have been discovered by the company at the time of or before the delivery of the key to the brakeman.

Counsel have not called special attention to the other instructions, the refusal to give which is complained of, and it will be unnecessary for us to refer to them in detail. Those which correctly expressed the law were substantially covered by the court's instructions. Several of them, however, were objectionable, as withdrawing questions of negligence from the jury upon subjects upon which reasonable minds might draw different inferences.

It is urged that the evidence was insufficient to sustain the verdict. This assignment is based upon the argument made in the Wymore case, that the company owed no duty to these people except not to wantonly injure them, and that their action in going along the company's tracks was

negligence as a matter of law. It is unnecessary to reconsider these questions.

JUDGMENT AFFIRMED.