## MISSOURI PACIFIC RAILWAY COMPANY v. JOHN F. TIETKEN.

FILED SEPTEMBER 16, 1896.   No. 6714.

Carriers: SHIPPERS OF LIVE STOCK: PASSES: PERSONAL INJURIES: NEGLIGENCE: LIABILITY OF CARRIERS. A shipper of live stock who receives from the railroad company undertaking the transportation of such stock a free pass, to enable him to care for his stock in transit, assumes such risks and inconveniences as necessarily attend upon caring for such stock, and, modified accordingly, the liability of the railroad company to such shipper for personal injuries by him sustained, by reason of the negligence of its employes, is that of a common carrier for hire.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J.

The facts are stated by the commissioner.

*C. W. Seymour, David Kelso, James W. Orr*, and *B. P. Waggener*, for plaintiff in error:

There is no allegation of negligence in the petition which would entitle the plaintiff to recover. (*Hunter v. Cooperstown & S. V. R. Co.*, 112 N. Y., 371; *Solomon v. Manhattan R. Co.*, 103 N. Y., 437; *Lake Shore & M. S. R. Co. v. Pinchin*, 13 N. E. Rep. [Ind.], 677; *Renner v. Northern P. R. Co.*, 46 Fed. Rep., 344; *Owen v. Hudson R. R. Co.*, 35 N. Y., 518; *Memphis & C. R. Co. v. Copeland*, 61 Ala., 376; *Stilson v. Hannibal & St. J. R. Co.*, 67 Mo., 671; *Lewis*

*v. Baltimore & O. R. Co.*, 38 Md., 588; *Haldan v. Great Western R. Co.*, 30 U. C. C. P., 89; *Pennsylvania R. Co. v. Henderson*, 43 Pa. St., 449; *Southern R. Co. v. Kendrick*, 40 Miss., 374; *Toledo & W. R. Co. v. Goddard*, 25 Ind., 200.)

The petition shows on its face that the plaintiff below was guilty of contributory negligence such as would preclude his recovery. (*McCorkle v. Chicago, R. I. & P. R. Co.*, 61 Ia., 555; *Bailey v. Cincinnati, N. O. & T. P. R. Co.*, 20 S. W. Rep. [Ky.], 198; *Chicago & N. W. R. Co. v. Scates*, 90 Ill., 586; *Phillips v. Rensselaer & S. R. Co.*, 49 N. Y., 177; *Morrison v. Erie R. Co.*, 56 N. Y., 302.)

By the plaintiff's own pleading he shows that his own act was the proximate cause of the injury, and he fails to allege in his petition, as is required in such cases, that what he did in the matter was done in a careful and prudent manner, with due regard to his own safety. (*Hoth v. Peters*, 55 Wis., 405; *Mad River & L. E. R. Co. v. Barber*, 5 O. St., 541; *Robinson v. Gary*, 28 O. St., 241; *Baltimore & O. R. Co. v. Whitacre*, 35 O. St., 627; *Kennon v. Gilmer*, 4 Mont., 433; *Durrell v. Johnson*, 31 Neb., 796; *City of Lincoln v. Walker*, 18 Neb., 244; *Batterson v. Chicago & G. T. R. Co.*, 49 Mich., 184; *Johnson v. Boston & M. R. Co.*, 125 Mass., 79; *Morrissey v. Eastern R. Co.*, 126 Mass., 377; *Pennsylvania R. Co. v. Sin Clair*, 62 Ind., 301; *Kansas P. R. Co. v. Pointer*, 14 Kan., 38; *Jeffersonville, M. & I. R. Co. v. Goldsmith*, 47 Ind., 43; *Gregory v. Cleveland, C., C. & I. R. Co.*, 14 N. E. Rep. [Ind.], 228; *Savannah & W. R. Co. v. Meadows*, 10 So. Rep. [Ala.], 141; *Mobile & O. R. Co. v. Stroud*, 64 Miss., 784.)

In support of an argument in favor of the contention that the verdict is against the weight of evidence and not supported by the evidence reference is made to the following cases: *Omaha & R. V. R. Co. v. Crow*, 47 Neb., 84; *Ft. Scott, W. & W. R. Co. v. Sparks*, 55 Kan., 288.

The verdict of the jury is against the instructions of the court and the judgment should be reversed. (*Meyer v. Midland P. R. Co.*, 2 Neb., 319; *Aultman v. Reams*, 9 Neb., 487.)

*John C. Watson* and *Charles A. Robbins, contra:*

It is culpable negligence on the part of a railroad com-
pany for its officers to induce a passenger to leave or
board a train while it is in motion. Where a passenger
is called upon to act in a sudden emergency, he should
not be held to the most rigid accountability for his ac-
tion. He has a right to assume that it is safe to leave or
board a train, when told to do so by those in charge of it.
(*Bucher v. New York C. & H. R. R. Co.*, 98 N. Y., 128; *Filer
v. New York C. R. Co.*, 49 N. Y., 47; *McIntyre v. New York
C. R. Co.*, 37 N. Y., 287; *Lent v. New York C. & H. R. R. Co.*,
120 N. Y., 467.)

There are numerous well-considered cases which hold
that it is not negligence for a passenger to leave or board
a moving train, where such act is made necessary by the
negligence of the railroad company. (*Cumberland Valley
R. Co. v. Maugans*, 61 Md., 53; *Pennsylvania R. Co. v. Kil-
gore*, 32 Pa. St., 292; *Swigert v. Hannibal & St. J. R. Co.*, 75
Mo., 475; *Doss v. Missouri, K. & T. R. Co.*, 59 Mo., 27;
*Wyatt v. Citizens R. Co.*, 55 Mo., 485; *Loyd v. Hannibal &
St. J. R. Co.*, 53 Mo., 509; *Toledo, W. & W. R. Co. v. Bad-
deley*, 54 Ill., 19; *Foreman v. Missouri P. R. Co.*, 23 S. W.
Rep. [Tex.], 422; *Johnson v. West Chester & P. R. Co.*, 70
Pa. St., 357.)

The passenger had a right to expect that the defendant
had employed a skillful conductor, who would not ex-
pose passengers to dangerous risks, and who had suffi-
cient experience and knowledge in his business to cor-
rectly advise and direct passengers as to the proper time
and manner of alighting safely from the train. (*Lam-
beth v. North Carolina R. Co.*, 66 N. Car., 494; *Curtis v.
Detroit & M. R. Co.*, 27 Wis., 158; *Swigert v. Hannibal & St.
J. R. Co.*, 75 Mo., 475; *McIntyre v. New York C. R. Co.*, 37
N. Y., 287; *Lent v. New York C. & H. R. R. Co.*, 120 N. Y.,
467; *Pennsylvania R. Co. v. McCloskey*, 23 Pa. St., 526;
*Olson v. St. Paul & D. R. Co.*, 48 N. W. Rep. [Minn.], 445.)

A drover traveling on a pass, such as was given in

this case, for the purpose of taking care of his stock on the train, is a passenger for hire. The carrier cannot, by conditions in such pass, limit its common law liability for injuries received by him resulting from its negligence. (*New York C. R. Co. v. Lockwood*, 84 U. S., 359; *Flinn v. Philadelphia, W. & B. R. Co.*, 1 Houst. [Del.], 469; *Carroll v. Missouri P. R. Co.*, 88 Mo., 239; *Orcutt v. Northern P. R. Co.*, 45 Minn., 368; *Cleveland, P. & A. R. Co. v. Curran*, 19 O. St., 1; *Pennsylvania R. Co. v. Henderson*, 51 Pa. St., 315; *Ohio & M. R. Co. v. Selby*, 47 Ind., 471; *Louisville, N. A. & C. R. Co. v. Faylor*, 126 Ind., 126; *Lawson v. Chicago, St. P., M. & O. R. Co.*, 64 Wis., 447; *Missouri P. R. Co. v. Ivy*, 71 Tex., 409.)

It is not negligence for a passenger to go or remain upon a car, not intended for the use of passengers, in violation of the rules of the railroad company known to the passenger, where those in charge of the train know of the presence of the passenger in such forbidden place, and make no objection thereto. (*Creed v. Pennsylvania R. Co.*, 86 Pa. St., 139; *O'Donnell v. Allegheny Valley R. Co.*, 59 Pa. St., 239; *Pennsylvania R. Co. v. McCloskey*, 23 Pa. St., 526; *Jacobus v. St. Paul & C. R. Co.*, 20 Minn., 125; *Dunn v. Grand Trunk R. Co.*, 58 Me., 187; *Caldwell v. Murphy*, 1 Duer [N. Y.], 233; *Carroll v. New York & N. H. R. Co.*, 1 Duer [N. Y.], 571; *Washburn v. Nashville & C. R. Co.*, 3 Head [Tenn.], 638.)

The conductor's conduct was negligent. (*Swigert v. Hannibal & St. J. R. Co.*, 75 Mo., 475; *Alexander v. Chicago, R. I. & P. R. Co.*, 43 Ia., 276.)

RYAN, C.

In this action, which was brought in the district court of Otoe county, plaintiff recovered judgment on the verdict of a jury in the sum of $2,500. He alleged in his petition that about October 9, 1890, he shipped over the defendant's road certain live stock from Scio to Chicago; that the train by which the shipment was made stopped at Weeping Water and, as plaintiff was informed by the

conductor, twenty minutes would be allowed plaintiff for obtaining a meal; that before said twenty minutes had expired said conductor suddenly and excitedly called out to plaintiff that he must immediately get on the train or be left; that said train was at the time moving slowly and that plaintiff, by reason of believing, relying upon, and attempting to obey the order of said conductor, attempted to board said train moving at a rate of speed unknown to plaintiff, and that, owing to the wrongful acts and negligence of the defendant, plaintiff was thrown in such a manner that the wheels of the cars of said train passed over plaintiff's right foot, necessitating its amputation, and over the large toe of the left foot, whereby its amputation was also rendered necessary. These averments were supplemented by averments of the damage caused which the defendant had refused to pay. By its answer the railroad company denied the above averments and charged that the injuries of plaintiff were attributable to his own negligence. This charge of negligence was denied by plaintiff in his reply.

The questions presented by these error proceedings are, first, was the railroad company guilty of negligence, and second, was the defendant in error guilty of contributory negligence? It has been repeatedly held by this court that issues as to negligence and contributory negligence, where the evidence is so conflicting that from it different minds might draw different conclusions, must be determined by the jury. (*Chicago, B. & Q. R. Co. v. Wilgus,* 40 Neb., 660; *Omaha & R. V. R. Co. v. Morgan,* 40 Neb., 604.) As the jury found in favor of the defendant in error, we shall assume as established such pleaded facts as the evidence upon his behalf justified the jury in finding, without undertaking to set out the proofs submitted in rebuttal.

The defendant in error, when he made his shipment at Scio, received from the railroad company a contract which entitled him to free transportation in the caboose of the train whereby said shipment was made, that he

might in transit give his stock such attention as circumstances might demand. Indorsed on this contract were the following provisions: "We, the undersigned persons in charge of the live stock mentioned in the within contract, in consideration of the free pass granted us by the Missouri Pacific Railway Company, and of the other covenants and agreements contained in said contract, including the rules and regulations at the head hereof and those printed on the back hereof, all which for the consideration aforesaid are hereby accepted by us and made a part of this, our contract, and all the terms and conditions of which we hereby agree to observe and be severally bound by, do hereby expressly agree that during the time we are in charge of said stock, and while we are on our return passage, we shall be deemed employes of said company for the purposes in said contract stated, and that we do agree to assume, and do hereby assume, all risks incident to such employment, and that said company shall in no case be liable to us for any injury or damages sustained by us during such time for which it would not be liable to its regular employes." Notwithstanding the above quoted language the defendant in error was, for certain purposes, a passenger. His contractual right was to proceed upon the freight train upon which his cattle were being shipped. His duty was to care for his stock in transit, and his rights and privileges were limited by the necessity of traveling upon the aforesaid freight train and by the requirement that he must care for his stock. (*Omaha & R. V. R. Co. v. Crow*, 47 Neb., 84.) It was not inconsistent with any undertaking or obligation of the defendant in error for him to stop at a lunch stand to obtain a necessary meal, as was done in this case with the approval of the conductor. The theory of the defendant in error, in support of which there was such evidence that we cannot ignore the action of the jury thereon, was that while the defendant in error was eating, the conductor, in a hurried and excited manner, called out to him that he must immedi-

ately get on board the train or, if he did not, he would be left at Weeping Water and could not accompany his stock; that at once the defendant in error accordingly hurried to the train, which was moving, as the defendant in error thought, at a low rate of speed; that the part of the train which he reached was quite a distance ahead of the caboose; that by reason of the increase of the rate of speed of the train and the certainty that the caboose when it reached defendant in error would be moving quite rapidly, and because of the urgent directions of the conductor to get aboard at once, the defendant in error, that he might not lose his right of free transportation with his stock, was induced to climb the ladder on the side of the nearest freight car, but that by the slipping of the feet of the defendant in error he was thrown to the ground in such a way that the injury in his petition described was unavoidable. It is vigorously insisted that it was negligence, *per se*, for the defendant in error to attempt to climb the side of a freight car moving as was the one he attempted to board. The evidence adduced by the plaintiff in error very strongly tended to show that it was a very hazardous undertaking for one who did not understand his business, as it was expressed, to attempt the performance of the feat indicated, and this proposition is now asserted and reasserted in argument. We may therefore confidently assume that if the conductor urged the defendant in error to take this very course, the railroad company should not now be heard to assert that this was not negligence on the part of its conductor. It was testified by defendant in error that the train seemed to him to be moving at such a rate of speed that he could with safety to himself catch hold of the ladder and climb up the moving box car, and that he was impelled to do this by the peremptory directions given him by the conductor. It is evident from the verdict that these statements were accepted by the jury as truthful. While it has been held by this court that the acceptance of the right to ride upon the same train with

Missouri P. R. Co. v. Tietken.

his stock free of charge for the purpose of giving such stock necessary attention, of necessity imposes upon the owner the incurring of such risks and inconveniences as result from such undertakings on his part, it has never been held that in other respects railroad companies as common carriers are exonerated from responsibilities with respect to this class of passengers. By an instruction as favorable to the railroad company as could reasonably be asked the jury was told that ordinarily it is negligence for a passenger to attempt to board a moving train and that it is not sufficient to rebut such presumption of negligence to show that the trainmen acquiesced or directed him to make the attempt.

It is complained by the railroad company in connection with the above propositions that though the court instructed the jury that to excuse such an act and free the plaintiff from the charge of contributory negligence there must be a coercion of circumstances which did not leave the passenger in the free and untrammeled possession of his faculties, and that the mere fact that unless he so boarded the train it would proceed without him was not sufficient to justify making the attempt, nevertheless the jury found against the railroad company, whereby it is evident that this instruction was disregarded. It has already been noted that the defendant in error was ignorant of the danger attendant upon an attempt by an unskilled person to board a freight car moving at the rate at which the one he attempted to board was moving and that this danger was one well known to railroad men. Moreover, the evidence, accepted by the jury as true, established the fact that notwithstanding these conditions the conductor directed the defendant in error to make the hazardous experiment, which he did make with very disastrous results to himself. There was evidence on behalf of plaintiff in error that the conductor did not direct the defendant in error to attempt to climb upon the freight car, but that it was a brakeman who informed the defendant in error that

the train was moving and that he must not longer remain at the lunch stand. It was evidently with reference to the theory of plaintiff in error that whatever directions the defendant in error received were from a brakeman and not from the conductor, that there was embodied in the above instruction the proposition that to rebut the presumption of contributory negligence it was not sufficient to show that the trainmen acquiesced or directed defendant in error to make the attempt to board the moving freight car. As to the proposition that as a justification of this attempt there must be a coercion of circumstances which does not leave the passenger in the free and untrammeled possession of his faculties, it is probable that the court meant merely what would have been expressed if instead of "faculties" the word "judgment," or some equivalent term, had been employed. While this word was not happily chosen, we cannot believe that it was misleading to the prejudice of plaintiff in error. The coercion which tended naturally to induce the attempt to climb upon the moving freight car was not embraced in the instruction which it is insisted the jury ignored, for, aside from the enumerated acquiescence and direction of trainmen and the prospect that the train would leave the defendant in error if he failed to board the moving car, there was the authoritative command of the conductor to do what is now condemned. It is not impossible that to this authority ordinarily recognized there was superadded considerable weight by the provisions of the contract of shipment, among which was one that during the time defendant in error was in charge of his stock he should be deemed an employe of the railroad company. It is not perceived why it must be assumed that the jury ignored the instruction under consideration by returning the verdict which it did in this case. Under the circumstances, by other instructions it was properly submitted to the jury to determine as a question of fact whether or not the defendant in error had been guilty of contributory negligence in yielding

obedience as he did to the command of the conductor. We have not overlooked the fact that by the conditions of the contract of shipment it was provided that the shipper assumed all risks incident to his being an employe and that the company could be held liable only for such injuries or damages as it would as to a regular employe. In *Chicago, R. I. & P. R. Co. v. Witty*, 32 Neb., 275, it was held that a common carrier of live stock cannot by contract with a shipper relieve itself, either in whole or in part, from liability or loss resulting from its negligence. The liability in that case was with reference to the freight transported; but we can see no reason why the principle is not applicable to an incidental right,—that of being transported safely while caring for stock in transit. In so far as the shipper is required to assume risks incidental to taking care of his stock he of necessity waives his right to be treated as an ordinary passenger, but this waiver ought never to be extended to negligence on the part of the company to perform its duties proper under the circumstances as a common carrier. The judgment of the district court is

AFFIRMED.